1  Bernard R. Mazaheri
2  Mazaheri & Mazaheri
3  20 E Thomas Rd Ste 2200
   Phoenix, Arizona 85012
4  Arizona Bar Number 034891
5  Email - bernie@thelaborfirm.com
   Tel – (602) 529-4935
6

7  Attorney for Plaintiff Arizinnia Hood

8
                    IN THE UNITED STATES DISTRICT COURT
9
10                      FOR THE DISTRICT OF ARIZONA

11
12 | Arizinnia Hood,                          | No.
13 |     Plaintiff,                           |
14 |                                          | Complaint
15 | v.                                       |
16 | CopperPoint Insurance Company,           |
17 |                                          |
18 |     Defendant.                           |

19
20
21                 DATED this 24th day of November, 2020
22
                              /s/ Bernard R. Mazaheri
23                            Bernard R. Mazaheri
24                            Attorney for Plaintiff Hood
25
26
27
28


                                   1

1. The Plaintiff, Arizinnia Hood, sues Defendant, CopperPoint Insurance Company, for discrimination and retaliation in violation of Title VII and 42 U.S.C. § 1981.

2. The Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

3. Plaintiff worked for Defendant as a manager in Defendant's managed care division in Phoenix, Arizona.

4. Plaintiff is a licensed registered nurse in Arizona and Ohio.

5. Defendant is an insurance company based in Arizona.

6. Venue is appropriate in the Phoenix Division pursuant to LRCiv 77.1(a) as the operative facts occurred in Maricopa County, Arizona.

7. Plaintiff worked for Defendant for over a year starting on or about May 2018.

8. Plaintiff is an African-American.

9. Defendant employs over 15 employees.

10. Defendant is engaged in interstate commerce.

11. Plaintiff's supervisor discriminated against her, because of her color and race.

12. On March 12, 2019, Plaintiff's supervisor declared to Plaintiff that "Black women tend to be loud."

13. Plaintiff's supervisor was Defendant's medical management director.

14. This medical management director did not simply make a general racist statement, the director specifically asserted that Plaintiff was a "loud black woman."

15. Plaintiff was offended by the racist remark made by her supervisor.

16. Accordingly, Plaintiff reported to human resources the racist stereotype uttered by her supervisor.

17. Prior to Plaintiff's complaint to human resources she had not been written up or disciplined by Defendant.

18. After Plaintiff made the human resources complaint, Plaintiff's supervisor became visibly angry at Plaintiff and on at least one occasion clenched his fist in an alarming manner that was threatening to Plaintiff.

19. The following month, Plaintiff suffered her first adverse

employment action.

20. Plaintiff's supervisor wrote her up.

21. Prior to the write up Plaintiff's supervisor had shown biases against people of color generally and specifically at Plaintiff as well as exhibiting anger at Plaintiff for reporting discrimination.

22. Plaintiff objected to human resources and her supervisor about the write up.

23. Defendant did not take prompt remedial action.

24. In fact, Defendant responded to Plaintiff while ignoring the discrimination and retaliation that took place.

25. The write-up was the beginning of the end for Plaintiff's employment with Defendant.

26. Plaintiff suffered micro-aggressions throughout her tenure with Defendant.

27. Plaintiff suffered medically because of the actions of Defendant.

28. Plaintiff had to go on Family Medical Leave Act (FMLA) leave on account of the discrimination and retaliation she suffered.

29. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).

30. After filing an EEOC charge Plaintiff was terminated.

31. This lawsuit is being filed within 90 days of the receipt of the right to sue letter.

**Count I – Title VII Discrimination**

32. Plaintiff reincorporates paragraphs 1 through 31 as if fully stated herein.

33. Plaintiff suffered discrimination by her supervisor on account of being black.

34. Plaintiff's supervisor was biased against her because she was black.

35. Once Plaintiff learned that her supervisor did not like her because she was black and that her supervisor did not want to hire her the microaggressions she endured were magnified making Plaintiff literally sick with anxiety and pain.

36. Plaintiff would have been treated more favorably if she was white.

37. Plaintiff lost sleep over Defendant's actions.

38. Plaintiff suffered an adverse employment action because she was black.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs.

**Count II – Title VII Retaliation**

39. Plaintiff reincorporates paragraphs 1 through 31 as if fully stated herein.

40. Plaintiff's supervisor became aggressive towards Plaintiff after she complained about discrimination to human resources.

41. Defendant did not take prompt remedial action to correct discrimination and prevent retaliation.

42. Defendant wrote Plaintiff up because she complained about discrimination protected by Title VII.

43. Plaintiff believed that Defendant had discriminated against her because of her race and color.

44. Plaintiff reported her legitimate concerns.

45. The reaction of Defendant caused Plaintiff great pain and

anxiety.

46. In fact, Plaintiff's health worsened to the point that she needed take time off from work that was protected by the FMLA.

47. Plaintiff suffered adverse employment actions because she engaged in protected activity.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs.

**Count III – Section 1981 Discrimination**

48. Plaintiff reincorporates paragraphs 1 through 31 as if stated fully herein.

49. Defendant discriminated against Plaintiff because of her race in violation of 42 U.S.C. § 1981.

50. Plaintiff endured racist microaggressions throughout her tenure with Defendant.

51. Being called a "loud black woman" coupled with being treated differently at work led Plaintiff to have emotional trauma.

52. Plaintiff suffered adverse employment actions, up to and including termination, because she was African-American.

53. Defendant treated similarly situated non-black employees more favorably.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs.

**Count IV – Section 1981 Retaliation**

54. Plaintiff reincorporates paragraphs 1 through 31 as if stated fully herein.

55. Plaintiff believed that she was being discriminated against because of her race.

56. Plaintiff reported what she believed to be discrimination to Defendant.

57. After reporting discrimination, Plaintiff witnessed retaliation.

58. The retaliation began as micro-aggressions, then a write-up and finally termination.

59. Defendant violated 42 U.S.C. § 1981.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, compensatory damages, punitive damages, attorney's fees and costs.

Respectfully submitted this 24th day of November 2020,

/s/ **Bernard R. Mazaheri**
Bernard R. Mazaheri
Mazaheri & Mazaheri
20 E Thomas Rd Ste 2200
Phoenix, Arizona 85012
Email - bernie@thelaborfirm.com
Tel – (602) 529-4935

Attorney for Plaintiff Hood